### FELDER v. COLUMBIA AND GREENVILLE RAILROAD CO.

1. The complaint alleged that plaintiff purchased at A a through ticket to C, over railroad lines E and F, and on the route lost her trunk, for which she demanded damages of F. *Held*, that in failing to allege that E and F were joint contractors, or that the trunk had been received by F, the complaint did not state facts sufficient to constitute a cause of action.
2. The sale of a through ticket over two or more connecting lines of railroad is not evidence of a joint contract between such roads whereby one should become responsible for the default of another.
3. In action against a railroad company for the value of a trunk lost on a connecting line before it reached the defendant's road, a nonsuit was properly ordered, there being no evidence of a joint contract between the two railroads.
4. This case distinguished from *Bradford* v. *South Carolina Railroad Company*, 7 *Rich.*, 201.

MR. JUSTICE McGOWAN concurred in the result.

Before HUDSON, J., Richland, April, 1883.

This was an action by Marion H. Felder against the Columbia and Greenville Railroad Company. The opinion states the case.

*Mr. Andrew Crawford*, for appellant, cited 47 *Iowa*, 82; 5 *Rich.*, 17; 49 *N. H.*, 1; *Ang. Car.*, 4, 5, 93; *Story Bail.*, § 506; 11 *Wend.*, 571; 1 *Stark.*, 272; 2 *Bing.*, 170; 19 *Wend.*, 329; 7 *Rich.*, 201; *Story Cont.*, § 655; 22 *Barb.*, 118; 3 *Story*, 485.

*Messrs. Pope & Haskell*, contra.

March 26, 1884. The opinion of the court was delivered by

MR. JUSTICE MCIVER.   The plaintiff brings this action to recover damages for the loss of her trunk and its contents while travelling over a line of connecting railroads, of which the defendant is one, from Atlanta, Georgia, to Columbia, South Carolina.   The material allegations of her complaint are as follows: "That during the month of December, 1881, and on or about the twenty-seventh day thereof she was a passenger on board of a train which left Atlanta that day over the Atlanta and Charlotte Air Line Railroad, she having purchased a ticket from that point to Columbia, South Carolina, by way of the Atlanta and Charlotte Air Line Railroad over the Columbia and Greenville Railroad."   Next follows an allegation "that while travelling over the lines of road and along the route provided by the terms of her ticket, at the time indicated in the foregoing paragraph, the said railroad officials took charge of this plaintiff's baggage, to wit, a sole-leather trunk, * * which said trunk from that time has never been restored to the owner thereof, although repeated demands have been made for its restoration."   And finally it is alleged: "That although this plaintiff and her baggage were carried for hire, yet these defendants, not regarding their duty, did not use proper care therein, but by the negligence and improper conduct of their servants said trunk and contents were wholly lost, to the damage of the plaintiff eight hundred dollars."

For a defence to this action the defendant insists, first, that the complaint does not state facts sufficient to constitute a cause of action against this defendant; second, upon a general denial of the allegations of the complaint above set forth; third, that defendant never undertook to carry and deliver the trunk alleged to have been lost, and that the same had never been delivered to or received by defendant.

The testimony adduced on the part of the plaintiff is fully set out in the "Case," and was to the effect that the plaintiff, by her agent, bought a through ticket from Atlanta to Columbia; that the baggage master in Atlanta was requested to check the trunk in question, along with other baggage belonging to the party with whom the plaintiff was travelling, to Columbia, who replied that he had no through checks, but that it was all right, and they

would go through to Columbia all right, and wrote something on the trunks; that the trunk in question was first missed at Seneca City, and has not been seen since, the witness saying, "To the best of my knowledge it was not put on the Columbia and Greenville train;" that there was a connection of roads from Atlanta to Columbia by way of the Atlanta and Charlotte Air Line Road over the Columbia and Greenville Road during the time of the alleged loss of the trunk; that through tickets were sold over this route from Atlanta to Columbia, and *vice versa;* that the several roads of the line received compensation from the gross amount for which the through ticket sold according to the number of miles travelled on each of the roads; that there was an arrangement existing among these roads composing this line of travel having in view the diverting of travel from other lines which stretched out from Atlanta to the same point; that A. Pope was the general passenger agent of this line of roads, and had very large powers in relation to matters of passenger travel and their baggage; that he had authority to bind the roads in matters relating to his department, but could not override the authority of the presidents of the several roads, under whose authority he made the rates of transportation at important points; that said A. Pope, in replying to a letter of plaintiff's counsel, stated that a search for the missing trunk was being conducted under the direction of the general baggage agent, and that "if a liability is established upon either one of the roads at interest, viz., the A. & C. A. L. or G. & C. R. R., a properly audited claim for the value of the trunk will be promptly paid."

At the conclusion of this testimony on behalf of the plaintiff, a nonsuit was moved for and granted, upon the ground that "there was a total failure to prove any liability of the defendant company, as the loss had been proved to have occurred before defendant's line was reached, and that there was no evidence of any contract by which defendant could be held liable for loss of baggage on other lines."

The plaintiff appeals upon the following grounds: "1. That the railroads constituting the line, viz., the Atlanta and Charlotte Air Line and the Columbia and Greenville Railroads were *joint contractors* for the carriage and delivery of passengers and

their baggage, and as such responsible for the loss of the latter.
2. That it was proper practice to sue the Columbia and Green-
ville Railroad Company for the loss as proved in this action,
they being one of the contractors.    3. That there was abundance
of testimony in the cause sustaining the foregoing exceptions
which should have been submitted to the jury for them to pass
upon." The remaining ground of appeal having been abandoned,
need not be stated.

It is quite clear that the Circuit judge was entirely right in
holding that there was an entire failure to prove any independent
liability on the part of the defendant company, for there was not
only no testimony tending to show that the missing trunk had
ever been delivered to or received by defendant, but the plain-
tiff's own witness testified that the trunk was missed at Seneca
City, before reaching defendant's line, and that to the best of
his knowledge it was not put on the Columbia and Greenville
train.    The correctness of this seems to be recognized by the
appellant, for in her exceptions the only point she makes is that
the defendant was a joint contractor with the Atlanta and Char-
lotte Air Line Railroad, to whom the trunk was delivered, and
as such liable for the negligence of that company; or at least
that there was sufficient evidence of such joint contract to require
that the question should have been submitted to the jury.

The first and fundamental difficulty in the way of the plaintiff
seems to us to be this, that there was no allegation in her com-
plaint of any such joint contract, and no allegation that the trunk
in question was ever delivered to or received by the defendant
company, and hence the complaint failed to state facts sufficient
to constitute a cause of action against this defendant, and for
that reason should have been dismissed.    But even assuming that
the complaint did contain such allegations, we think that there
was an utter lack of evidence to sustain either allegation.    As
we have already said, there was not only no evidence to sustain
the last mentioned allegation, but the testimony distinctly dis-
proved it.    So that the only inquiry is whether there was any
evidence tending to show a joint contract between these railroad
companies whereby the one should become responsible for the

default of the other.   We have looked in vain through the testimony for any such evidence.

Surely, the fact that through tickets were sold from Atlanta to Columbia and from Columbia to Atlanta affords no such evidence. Through tickets are oftentimes intended as much, if not more, for the convenience and advantage of the travelling public as for that of the railroads over which they are sold; and if the principle should be established that the sale of through tickets over a line of connecting railroads constituted evidence of a joint contract between such roads whereby one would become responsible for the defaults of another, the effect would doubtless prove very injurious to the interests and convenience of the travelling public.   For if such were the rule, railroad companies would not be very likely to make these arrangements so conducive to the comfort and convenience of passengers, as the effect would be to make each of the companies composing the line, no matter how long it might be, guarantors of the conduct of each of the other companies.   A passenger buying a through ticket from Columbia or New Orleans to New York, and sustaining some loss or damage somewhere along the route, might bring his action against the richest, best equipped, and most carefully managed railroad constituting a portion of the line, and recover damages from it, when in fact his loss or damage was sustained while travelling over a link in the line owned by a totally insolvent corporation, in bad order and carelessly managed.

But we need not discuss the question, for we think that the point has been distinctly ruled in the very case so much relied on by appellant, *Bradford* v. *South Carolina Railroad Company*, 7 *Rich.*, 201.   Nor do we think that there was anything in the other evidence adduced tending to show any such joint contract between these companies as would make one liable for the defaults of the other.   All of the evidence is entirely consistent with the idea that the only arrangement between these companies was the usual one for the sale of through tickets, whereby passengers would be attracted to the line composed of these different railroads, for their own convenience, and none of it points to the assumption of any joint liability.

The case of *Bradford* v. *South Carolina Railroad Company*,

*supra*, mainly relied upon by appellant, differs materially from this case. In the first place, there was in that case a distinct allegation that the several companies composing the line from Chattanooga to Charleston were *joint* contractors, and the testimony principally, if not solely, relied upon by the court as sufficient to establish such joint contract was, not the through receipt which the courts said would not be sufficient to establish it, but the fact that the defendant company had published an advertisement, in which they announced to the public that "by a recent arrangement between the South Carolina, the Georgia, and Western and Atlantic Railroads, a through ticket for freight on cotton has been made from Chattanooga, Tenn., to Charleston, S. C., at the rate of sixty-five cents per 100 lbs. It is highly necessary, in order to insure correctness in the transaction of this business, that the agent of the South Carolina Railroad at Hamburg should be aware of the number of bales and marks of each shipment. Shippers are therefore earnestly requested to take duplicate receipts ; one of which must, in all cases, be forwarded per mail to the above-named agent, *in order to fix responsibility on this company.* With these precautions, the business can and will be transacted mutually satisfactory to all concerned. *The roads pledge themselves* to give all practicable dispatch to cotton entrusted to them for transportation."

The words which we have italicized in the foregoing advertisement showed very clearly that there was a joint contract, and certainly the South Carolina Railroad Company, in the face of these words, could not deny it. The evidence showing that duplicate receipts had been forwarded to the agent at Hamburg, and thus the condition upon which the liability of the defendant company was to attach having been performed, that company could not deny it, even though the testimony seemed to show that the damage to the cotton in question was sustained before it reached the South Carolina Railroad; for that company had, by the terms of its advertisement, in effect, agreed that its responsibility should be fixed so soon as one of the duplicate receipts had been forwarded to its agent at Hamburg, which was done. The court, therefore, properly held that the evidence was quite sufficient to require that the question as to whether there was a joint

contract should be submitted to the jury. But in this case we find no such testimony, and we see no error on the part of the Circuit judge in granting the nonsuit.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON concurred generally, but MR. JUSTICE MCGOWAN only in the result.